IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Darian Antonio Coleman, )<br> )<br> Plaintiff, )<br> )<br> v. )<br> )<br>Randall Williams and John Pate, )<br> )<br> Defendants. )<br> )<br> )<br> )<br> ) | Civil Action No.: 8:14-748-DCN-JDA<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

Plaintiff, a prisoner at Allendale Correctional Institution, filed this pro se prisoner civil rights action on February 28, 2014. [Doc. 1-2]. This matter is before the Court on the Plaintiff's Motion for a Protective Order [Doc. 54], which the Court has construed as a motion for a temporary restraining order ("TRO"). The Court ordered Defendants to respond to the motion, which they did on June 6, 2014. [Doc. 70.] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the District Court.

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of both preliminary injunctions and TROs. Pursuant to Rule 65, "a temporary restraining order may be granted . . . only if it clearly appears from specific facts shown . . . that immediate and irreparable injury, loss, or damage will result to the applicant." Here, Plaintiff's Motion

should be denied. Under the legal standard adopted by our Court of Appeals, Plaintiff is not entitled to a temporary restraining order or preliminary injunction. *See Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 607 F.3d 355 (4th Cir. 2010)(*per curiam*) ("On further consideration, we now reissue Parts I and II of our earlier opinion in this case, 575 F.3d at 345–347, stating the facts and articulating the standard for the issuance of preliminary injunctions."). The standard articulated in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008), now governs the issuance of preliminary injunctions. *See Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342 (4th Cir. 2009), *cert. granted and judgment vacated,* 559 U.S. 1089 (2010). Under the *Winter* standard, Plaintiff must demonstrate "'[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'" *Id.* at 346 (quoting *Winter*, 555 U.S. at 20). All four requirements must be satisfied. *Id.* Furthermore, to obtain injunctive relief, Plaintiff must demonstrate more than the "possibility" of irreparable harm because the "possibility of irreparable harm" standard is inconsistent with the Supreme Court's characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that a plaintiff is entitled to such relief. *Id.*

Additionally, functions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. *Gaston* v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances. *Taylor v. Freeman,* 34 F.3d 266, 269 (4th Cir. 1994). Without a showing

that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 360 (4th Cir. 1991). The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Medical Group*, 952 F.2d 802, 812 (4th Cir.1991) (citation omitted).

Here, Plaintiff alleges that he requires Court protection because he "fear[s] for his safety in an extreme degree" and that he has "suffered unduly" as a result of this lawsuit. [Doc. 54.] Plaintiff claims that he has not been allowed to take more than three showers weekly, that he has not been given access to law library books, and that his room has been searched outside his presence. [*Id.*]  Upon review of the pleadings and the record in this case, the Court concludes that Plaintiff has not met the stringent standard to warrant a TRO.

First, Plaintiff has not shown that irreparable harm is likely to occur if his motion is denied. As noted, prison management is left to the broad discretion of prison officials. Here, Plaintiff's complaints about his showers and his room searches fall under the rubric of prison management. According to the affidavit of Warden John Pate, Plaintiff has been allowed showers, legal books and mail supplies according to SCDC policy. [Doc. 70-1.] Moreover, Plaintiff has not demonstrated that the policies have limited his access to the court or other grievance procedures. "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries . . . . " *Bounds v. Smith,* 430 U.S. 817, 828 (1977). However, this does not mean that prisons must provide inmates with completely unrestricted access to such facilities. While total denial of access

3

to legal research materials is unconstitutional, prisons may impose reasonable restrictions on such access as long as inmates can continue to conduct "meaningful" legal research. *Williams v. Leeke,* 584 F.2d 1336, 1340 (4th Cir.1978). Meaningful legal research means access to resources that are "adequate to permit an inmate to explore possible theories of relief, determine the facts that must be present to make out claims under any available theories, and to frame pleadings before the federal or state courts should he wish to do so." *Strickler v. Waters,* 989 F.2d 1375, 1386 (4th Cir.1993). In order to establish a violation of his right to access to the courts, an inmate must demonstrate with some specificity that this right was interfered with, and must also show that this interference with his rights resulted in some sort of actual injury. *Lewis v. Casey,* 518 U.S. 343, 349 (1996).

In the present case, Plaintiff has failed to establish any sort of evidence that would lead this court to believe that Defendants have somehow denied him meaningful access to the court system, nor has he shown how such an alleged rights violation caused him actual injury. Throughout his motion, Plaintiff merely alleges speculative injury. There is no evidence in the record that the plaintiff will suffer irreparable harm. While Plaintiff claims that his safety is in danger, he gives no specific facts or circumstances to support such a claim. Defendants have averred that Plaintiff has been treated according to SCDC policy and have provided the Court with evidence to substantiate that argument. [*See* Doc. 70-1 to 70-6]. Further, Plaintiff has not established a likelihood that he will eventually succeed on the merits or that the public interest lies with granting the relief. Therefore, Plaintiff has failed to establish the elements necessary to demonstrate the need for a preliminary injunction.

Based on the foregoing, the Court recommends that Plaintiff's motion for a

4

protective order (TRO) be DENIED.

       IT IS SO RECOMMENDED.

s/ Jacquelyn D. Austin<br>United States Magistrate Judge

June 10, 2014
Greenville, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**